UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| KLINTEN CRAIG, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2: 25-056-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| TIKTOK INC., et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Plaintiff Klinten Craig has filed a motion to dismiss defendants' motion for an order to compel testimony and enforce deposition subpoenas against nonparties Antoine and Jeremiah Smith-Rouse. [Record No. 24] Consistent with local practice, the matter was referred to Magistrate Judge Candace J. Smith for preparation of a Report and Recommendation ("R&R"). Following briefing, Judge Smith issued a R&R, recommending that Craig's motion to dismiss be granted and that this miscellaneous action on defendants' motion to compel be dismissed without prejudice. [Record No. 30] The Court will adopt the Magistrate Judge's recommendation for the reasons outlined below.

I.

This miscellaneous action is before the Court on defendants' motion to compel [Record No. 1], seeking enforcement a deposition subpoena issued in connection with the multidistrict litigation ("MDL") pending in the Northern District of California. [Case No. 22-MD-3047-YGR] Plaintiff Craigg opposes the motion to compel, arguing this ancillary miscellaneous

- 1 -

case should be dismissed because fact discovery in the underlying MDL has concluded. [Record No. 24]

On February 8, 2024, the Northern District of California entered Case Management Scheduling Order No. 10, establishing the schedule for all MDL cases. [22-MD-3047-YGR, R. 604.] The order outlined a process to select twenty-four bellwether plaintiffs for discovery. [*Id.* at 4] Following discovery, ten cases would be chosen from the pool for trial. [*Id.*] On April 19, 2024, the Northern District of California selected the discovery bellwethers, including Craig's case. [*See* 22-MD-3047-YGR, R. 785; R. 1023; *see also* R.1 at 2.]

On February 11, 2025, defendants notified Craig of their intent to depose his former foster parents, the Smith-Rouses. [Record Nos. 1-6 and 1-7] The Smith-Rouses appeared for their depositions but refused to answer questions about Craig, citing requirements imposed by the Kentucky Cabinet for Health and Family Service's Confidentiality. [Record No. 1-14] On April 11, 2025, defendants filed the pending motion for an order to compel testimony and enforce depositions subpoenas against nonparties Antoine and Jeremiah Smith-Rouse [Record No. 1], thus prompting this miscellaneous action. Craig opposed the motion, arguing that Kentucky law bars the Smith-Rouses from testifying about him. [Record No. 11]

On June 13, 2025, the Northern District of California selected the bellwether cases for trial. [22-MD-3047-YGR, R. 2047, 2283] Craig's case was not among those to proceed to trial at this time, in part, because defendants allege he filed after the statute of limitations expired. [22-MD-3047- YGR, R. 2283 at 43-44, 50] The MDL court also noted that "[a]ll of the discovery has been taken." [*Id.* at 51] On June 20, 2025, Criag filed the pending motion to dismiss defendants' motion for order to compel testimony of the Smith-Rouses. [Record No. 24] Defendants responded in opposition. [Record No. 29]

## II.

The Court reviews *de novo* any parts of a R&R to which a party objects, but it is not required to review a magistrate judge's factual or legal conclusions when no objections are timely filed. *Thomas v. Arn*, 474 U.S. 140 (1985). Although neither party filed timely objections here, the undersigned has reviewed the magistrate judge's R&R and the parties' briefs *de novo* and agrees with all findings and conclusions.

As Magistrate Judge Smith correctly noted, "district courts have broad discretion over docket control and the discovery process." [Record No. 30 at 6 (citing *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018)).] After reviewing the factual and procedural history, she properly concluded that it is premature to address the defendants' motion to compel for several reasons. First, this miscellaneous action arises from a subpoena issued in an ongoing MDL currently approaching its first round of trials. [Record No. 30 at 6] Craig's case is no longer designated as a bellwether case and is not proceeding to trial at this stage. [*Id.* at 8 (citing 22-MD-3047-YGR, R. 604 and 22-MD-3047-YGR, R. 1159)] Although no order expressly stays discovery for non-bellwether cases, the Magistrate Judge concluded that, "based on the docket, the general understanding among parties seems to be that discovery should not continue while the bellwether cases are tried." [*Id.*] Accordingly, Magistrate Judge Smith reasonably concludes that, because Craig's case is not proceeding to trial, it is prudent to allow the bellwether trials to move forward before addressing this discovery dispute.

And as Magistrate Judge Smith also noted, Craig's case may be subject to summary dismissal because it was allegedly filed after the statute of limitations expired. [*Id.* at 7] This issue is significant, as the case could be resolved on statute of limitations grounds without requiring the depositions of the Smith-Rouses. Finally, Magistrate Judge Smith identified

another complicating factor: the Smith-Rouses were Craig's foster parents and have objected to testifying about matters involving their former foster child, citing Kentucky law. Resolving the motion to compel on the merits could therefore require the Court to "unravel this highly regulated area of state law." [*Id.*]

In summary, the undersigned agrees with Magistrate Judge Smith's conclusion that granting Craig's motion to dismiss and dismissing the defendant's motion to compel without prejudice is appropriate. This approach will allow the parties to later determine whether deposing the Smith-Rouses remains necessary.

### III.

Being sufficiently advised, it is hereby **ORDERED** as follows:

1. United States Magistrate Judge Candace J. Smith's Report & Recommendation [Record No. 30] is **ADOPTED** and **INCORPORATED** here by reference.

2. Plaintiff Klinten Craig's motion to dismiss [Record No. 24] is **GRANTED**.

3. Defendants' motion to compel [Record No. 1] is **DISMISSED** without prejudice, and this matter is **STRIKEN** from the docket.

Dated: October 23, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky